OHIO NURSES ASSOCIATION, INC. ET AL., APPELLANTS, *v.* STATE BOARD OF NURSING EDUCATION AND NURSE REGISTRATION, APPELLEE.

[Cite as Ohio Nurses Assn., Inc. *v.*
Ohio State Bd. of Nursing Edn. & Nurse Registration (1989),
44 Ohio St. 3d 73.]

(No. 88-38—Submitted February 14, 1989—Decided July 5, 1989.)

*Anthony J. Celebrezze, Jr.,* attorney general, and *Diane M. Weaver,* for appellee.

*Per Curiam.* The determinative issue in this appeal is whether the February 20, 1987 position paper adopted by the board, which purports to allow LPNs to administer IVs under certain conditions, is violative of former R.C. 4723.05, *infra,* since it was not "rule-filed" pursuant to R.C. Chapter 119. For the reasons that follow, we answer this question in the affirmative and, therefore, we reverse the judgment of the court of appeals below.

Appellee-board contends that the position paper in issue is merely advisory and need not be rule-filed under R.C. Chapter 119 because there is nothing in the position paper that is capable of enforcement pursuant to R.C. 119.01(C). The board submits that such is evidenced by the use of permissive rather than mandatory language in the position paper, wherein it describes how and under what circumstances an LPN "may start" an IV. The board also argues that *Dental Hygienists, supra,* is inapposite to the cause *sub judice* because the statute involved in *Dental Hygienists,* former R.C. 4715.39, required rule-making by the Ohio State Dental Board, while R.C. Chapter 4723 does not require that the scope of practice for either RNs or LPNs be delineated by rules.

The appellants, on the other hand, argue that the position paper in issue has the effect of permitting LPNs to perform certain nursing procedures for which there was no prior authority under statute or rule. Appellants contend that common sense dictates that certain health care facilities, especially those that are staffed in large part by LPNs, will rely on and implement the board's position paper. Therefore, appellants assert that the board cannot

*Cloppert, Portman, Sauter, Latanick & Foley, Walter J. Gerhardstein* and *Russell E. Carnahan,* for appellants.

claim that it will not enforce the position paper (*e.g.,* its requirement that LPNs complete a post-licensure course) unless the board is also willing to completely abandon its statutory responsibilities to regulate the nursing profession and to protect the health and safety of the public. Appellants further contend that *Dental Hygienists, supra,* is indistinguishable from the instant cause and mandates a reversal of the appellate court below.

In adopting a "rule," an agency is required to comply with the promulgation procedure set forth in R.C. Chapter 119. See R.C. 119.02. "Rule" is defined in R.C. 119.01(C) as "* * * *any rule, regulation, or standard,* having a *general and uniform operation, adopted, promulgated, and enforced by any agency under the authority of the laws governing such agency,* and includes any appendix to a rule. 'Rule' does not include any internal management rule of an agency unless the internal management rule affects private rights." (Emphasis added.)

Upon a careful review of the position paper set forth in footnote one, *supra,* we find that it meets the foregoing statutory definition of "rule" as determined by the General Assembly. As appellants point out, the position paper enlarges the scope of practice for LPNs, and regulates those LPNs qualified to start IVs by requiring a post-licensure course of study. Additionally, it is readily apparent that the position paper is intended to have a uniform application to all LPNs in the state of Ohio. Therefore, we must reject the board's argument that its position paper merely represents the "professional belief" of the board and is incapable of enforcement, and therefore is not a "rule" under R.C. 119.01(C), because the terms of the position paper indicate that an opposite effect is intended. As appellants correctly assert, when a regulatory body such as the

board declares that it will permit those persons it regulates to perform certain procedures, the new standard is inherently "enforced" as soon as it is adopted. Simply because the term "may" is used in the position paper does not make the position paper incapable of enforcement. The very same term was used in the analogous opinion letter in *Dental Hygienists, supra,* but that did not prevent this court from essentially finding that the opinion letter therein should have been rule-filed under R.C. Chapter 119. Therefore, we reject the board's argument that the position paper is "unenforceable," because the true effect of the position paper is that LPNs are now permitted to perform certain additional aspects of IV therapy without the threat of disciplinary action or other penalty levied by the board.

Our reasoning herein is consistent with our prior decision in *Dental Hygienists, supra.* In that case, we found that an advisory opinion letter of the Ohio State Dental Board, which had the effect of permitting persons under its control to perform functions for which they otherwise had no authorization, was a "rule" requiring promulgation pursuant to R.C. Chapter 119. Since the opinion letter of the State Dental Board authorized dentists to delegate certain intraoral procedures to "basic qualified personnel" without an extant rule, we found that the opinion letter violated then-existing R.C. 4715.39, which directed the dental board to promulgate rules under R.C. Chapter 119 when determining the dental procedures that dentists may assign to qualified personnel.

We find that, similar to the controlling statute in *Dental Hygienists, supra,* the applicable version of R.C. 4723.05 also contemplated rule-filing pursuant to R.C. Chapter 119 where new or different procedures governing

nursing functions are issued in the form of position papers. The version of R.C. 4723.05 in effect when the position paper herein was issued provided in relevant part:

"The board of nursing education and nurse registration may make and prescribe all rules necessary for its government and control of its actions and business affairs as provided in sections 119.01 to 119.13, inclusive, of the Revised Code. The board * * * may make such rules as are necessary to carry out sections 4723.01 to 4723.38, inclusive, of the Revised Code. * * *" 130 Ohio Laws, Part II, 227.

In our view, the foregoing language reflects the General Assembly's intent that the board follow the rulemaking procedures set forth in R.C. 119.01 to 119.13, *and* that nursing procedures or limitations not already established or set forth in the statutes be promulgated by rule. It is the effect of the position paper, not how the board chooses to characterize it, that is important. Regardless of whether the board characterizes its position paper as merely advisory, a clear reading thereof reveals that the paper does not purport merely to interpret an extant statute or rule, but rather to establish a new rule, standard or regulation regarding LPN practice. Therefore, we believe that R.C. 4723.05 mandates that the new standard be rule-filed pursuant to R.C. Chapter 119.

Our conclusion herein is totally consistent not only with our holding in *Dental Hygienists, supra,* but also with our prior pronouncements in *McLean Trucking Co.* v. *Lindley* (1982), 70 Ohio St. 2d 106, 114-116, 24 O.O. 3d 187, 192-193, 435 N.E. 2d 414, 419-420, and *Condee* v. *Lindley* (1984), 12 Ohio St. 3d 90, 12 OBR 79, 465 N.E. 2d 450.

As we reasoned in *Condee, supra,* at 93, 12 OBR at 81, 465 N.E. 2d at 452, "[t]he rulemaking requirements set forth in R.C. Chapter 119 are designed to permit a full and fair analysis of the impact and validity of a proposed rule. * * *" By failing to rule-file the instant position paper, the board has effectively denied members of the nursing profession, as well as other interested members of the public, a full and fair analysis of the impact and validity of the new standards of LPN practice set forth therein and its effects on the public health and safety. Such a failure to rule-file on the part of the board contravened the terms of former R.C. 4723.05, and therefore must be corrected by this court. Thus, we hold that a position paper which has the effect of permitting LPNs to start and administer IV therapy under certain conditions without an extant rule violates former R.C. 4723.05.

Notwithstanding the foregoing, the board submits that the instant controversy is effectively "mooted" by the new definition of practical nursing set forth in R.C. 4723.02(F),[2] which does not expressly preclude LPNs from practicing IV administration.

However, we are not persuaded that R.C. 4723.02(F) has this effect. The new statutory definition does not state that LPNs can now start IVs; it simply provides a somewhat more specific, but still very general, description of the scope of LPN practice. In

---

[2] The newly enacted R.C. 4723.02(F) states as follows:

"(F) 'The practice of nursing as a licensed practical nurse' means providing to individuals and groups nursing care requiring the application of basic knowledge of the biological, physical, behavioral, social, and nursing sciences at the direction of a licensed physician, dentist, podiatrist, or registered nurse. Such nursing care includes:

"(1) Observation, patient teaching,

any event, a review of the new statutes enacted by the General Assembly under R.C. Chapter 4723, effective June 14, 1988, leaves no doubt that the board is still duty-bound to comply with the provisions of R.C. Chapter 119 in the adoption, amendment or rescission of rules governing the nursing profession. (See R.C. 4723.07, which replaces the former version of R.C. 4723.05 that is discussed in the cause *sub judice*.) Thus, the language of the newly enacted statutes fortifies the conclusion that our interpretation here and in *Dental Hygienists, supra,* reflects a correct determination of the intent of the General Assembly, and thereby underscores the necessity of regulatory boards and commissions to follow the procedures of rule-making set forth in R.C. Chapter 119, since such procedures provide the fullest and fairest analysis of the impact and validity of proposed rules or regulations.

Based on all of the foregoing, the judgment of the court of appeals is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Judgment accordingly.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

---

and care in a diversity of health care settings;

· "(2) Contributions to the planning, implementation, and evaluation of nursing;

"(3) Administration of medications and treatments prescribed by a licensed physician, dentist, or podiatrist. Medications may be administered by a licensed practical nurse upon proof of completion of a course in medication administration approved by the board of nursing."