## Kuzas v. State Medical Board
*[Cite as 2 AOA 569]*

*Case No. 89AP-773*
*Franklin County, (10th)*
*Decided March 29, 1990*

R.C. 119.03
R.C. 4731.22

*McDonald, Hopkins & Hardy CO., L.P.A., Mr. Steven L. Gardner and Mr. Walter F. Ehrnfelt, for appellant.*

*Mr. Anthony J. Celebrezze, Jr., Attorney General, and Ms. Rachel L. Belenker, for appellee.*

HOFSTETTER, J.

This case is an appeal of a decision from the Franklin County Court of Common Pleas affirming an order of the State Medical Board. Appellant, Adolfas M. Kuzas, M.D., asserts the following two assignments of error:

"A.  The trial court erred in failing to recognize that the hearing examiners's report and recommendation as adopted by the State Medical Board of Ohio did not reference the suspension of privileges imposed upon appellant by Marymount Hospital and, therefore, is not in accordance with the law and is an abuse of discretion.

"B.  The sanction imposed on appellant was determined pursuant to 'Disciplinary Guidelines' of the State Medical Board of Ohio which were not promulgated in compliance with R.C. Chapter 199, and is therefore, not accordance with law."

Appellant became licensed to practice medicine in Ohio in 1955 and practiced in the area of obstetrics and gynecology. Appellant was associated with Marymount Hospital from the late 1950's until 1986, this involvement included him holding the position of Director of Obstetrics at Marymount Hospital from 1973 to 1983. Appellant's drug enforcement administration number expired December 31, 1974, and appellant was without a valid DEA registration until November 13, 1986. When applying for annual or bi-annual renewal of his clinical privileges at Marymount Hospital from a period beginning on or about September 4, 1975 and ending on or about September 22, 1986, appellant provided information and documentation to the hospital which purported to establish that he held a current EDA number. Additionally, for a period of time beginning December 1982 and ending in December 1985, appellant altered a photo copy of his lapsed certificate to show expiration dates of the certificate to be December 31, 1983, December 31, 1984, and December 31, 1986. Appellant submitted these altered copies to Marymount Hospital as part of his application for renewal of clinical privileges.

Upon leaning of this behavior , Marymount Hospital revoked appellant's hospital privileges due to his "willful disregard of the Medical Staff By-laws, Rules and Regulations." The suspension of the privileges commenced in October 1986. Marymount informed appellant that he would be permitted to reapply for privileges subject to conditions that they set forth in a letter to him. Included among these conditions was a requirement that appellant submit to the medical staff office of Marymount all applications and reapplication for DEA and other licensure. Marymount also notified the State Medical Board of Ohio of the actions it had taken.

The state medical board held a hearing to determine whether or not limit, revoke, suspend, refuse to register or reinstate his certificates to practice medicine and surgery, or to reprimand or place him on probation based upon his continued use of an expired DEA number and upon his altering his DEA certificate to make it appear current. The hearing examiner determined that appellant had violated R.C. 4731.22(B) (5), (B)(8), and (B)(15). Respectively, these provisions prohibit the publication of a false, fraudulent, deceptive, or misleading statement; the obtaining of or attempting to obtain money or anything of value by

fraudulent misrepresentations in the course of practice; and the violation of the conditions of limitation placed the state medical board upon a certificate to practice.

In his proposed order, the hearing examiner noted that the State Medical Board of Ohio Disciplinary Guidelines provide for revocation to be both the maximum and minimum penalty in cases of fraudulent misrepresentation. However, the hearing examiner opted not to follow the suggestions in the guidelines, noting that there was no evidence of harm to any patient, that the only drugs which appellant prescribed in his practice were birth control pills and antibiotics, and that appellant had admitted to his guilt when confronted by the hospital staff at Marymount. Accordingly, the hearing examiner proposed that appellant's license to practice medicine and surgery in the state of Ohio be revoked, such revocation be stayed and his license be suspended for a period of one year. The state medical board adopted the hearing examiner's report and recommendation, and appellant appealed this decision to the Franklin County Court of Common Pleas.

Appellant's arguments before the court of common pleas did not dispute that he was guilty of the violations found by the hearing examiner, rather he disputed the penalty which the hearing examiner and the board had assessed against him. The court of common pleas cited *Henry's Cafe, Inc.* v. *Bd. of Liquor Control* (1959), 170 Ohio St. 233, for the proposition that a trial court has no authority to weigh the penalty assessed by an administrative agency if the findings of the agency are supported by the necessary level of evidence. The court went on to observe that the facts were not disputed, that it had no basis upon which to redetermine the penalty, and affirmed the decision of the board.

Appellant's first assignment of error presents the issue of whether or not the trial court's decision constituted an abuse of discretion.

When the decision of an administrative agency is appealed to the court of common pleas, the court "may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. ***" R.C. 119.12; *Mofu* v. *State Medical Board* (1984), 21 Ohio App. 3d 182, 185. The scope of review of an appellate court when it reviews a common pleas court

determination on reliable, probative, and substantial evidence is limited to whether the common pleas court abused its discretion. *Hartzog* v. *Ohio State Univ.* (1985), 27 Ohio App. 3d 214, 216. An abuse of discretion in such a situation "implies a decision that is both without a reasonable basis and clearly wrong." *Id.*

In support of his argument, appellant asserts that imposing a one-year suspension of his license to practice medicine after Marymount Hospital had revoked his privileges since October 1986, was not in accordance with law and that the court of common pleas abused its discretion in upholding the board's penalty.

R.C. 4731.22 grants the state medical board great discretion in punishing doctors found to have violated the provisions in this section. As the court of common pleas properly noted, when a common pleas court determines that an order of an agency is supported by reliable, probative, and substantial evidence, the common pleas court must affirm the order and may not reverse, vacate or modify the order. *Keaton* v. *State* (1981), 2 Ohio App. 3d 480, 483; *Conners* v. *Ohio Dept. of Commerce* (1982), 7 Ohio App. 3d 237, 238, ("if the penalty imposed is within the scope of the authority granted to the administrative agency, the judiciary cannot reverse, vacate or modify it").

The board's one-year suspension of appellant's license, whether or not he had previously lost his privileges at Marymouth Hospital, is within its statutory authority under R.C. 4731.22(B). Having made this determination, this court has no further authority regardless of whether it considers the suspension to be harsh. Appellant's first assignment of error is overruled.

In his second assignment of error, appellant asserts that his suspension is unenforceable because it was determined pursuant to disciplinary guidelines which are invalid because they have not been promulgated pursuant to R.C. Chapter 119. Under Chapter 119, agencies authorized to adopt, amend, or rescind rules must do so pursuant to procedures set forth in Chapter 119. R.C. 119.02. Whether or not appellee needed to adopt the disciplinary guidelines pursuant to requirements of Chapter 119 depends upon whether the guidelines fall within the definition of a rule. A rule is defined as:

"*** [A]ny rule, regulation, or standard, having a general and uniform operation, adopted, promulgated, and enforced by any

agency under the authority of the laws governing such agency, and includes any appendix to a rule. 'Rule' does not include any internal management rule of an agency unless the internal management rule affects private rights."

In support of its position that the disciplinary guidelines are a rule within the meaning of Chapter 119, appellant cites *Ohio Nurse's Association, Inc.* v. *State Board of Nurse Education and Nurse Registration* (1989), 44 Ohio St. 3d 73. This case is inapposite to the case presently before the court. *Ohio Nurse's Association* involved a position paper which enlarged the scope of practice of licensed practical nurses. The Ohio Supreme Court concluded that this paper constituted a rule which was intended to be uniformly enforced in this state. *Id.* at 75. Because it had not been promulgated pursuant to Chapter 119, the court determined that the paper was invalid. Unlike this position paper, the disciplinary guidelines do not enlarge or diminish the scope of appellant's rights as a physician practicing in the state of Ohio. As appellee points out in its brief, the guidelines were not enforced against appellant. While the hearing examiner did consider the guidelines, he did not follow them due to mitigating factors which he cited. Nor has anyone contended that the hearing examiner acted improperly when he recommended a disciplinary measure less harsh than that which the guidelines set forth. No language in the guidelines suggests that adherence to them is mandatory.

Accordingly, the disciplinary guidelines do not fall within the definition of rule as set forth in R.C. Chapter 119. The discipline which the board levied against appellant was proper under the authority granted to it by R.C. 4731.22(B). Appellant's second assignment of error is overruled.

Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BOWMAN and YOUNG, JJ., concur.
HOFSTETTER, J., retired of the Eleventh Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.