The STATE ex rel. RYLAND, Aud., et al.,

v.

TRACY, Tax Commr.

[Cite as *State ex rel. Ryland v. Tracy* (1992), 78 Ohio App.3d 631.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–553.

Decided March 10, 1992.

*Berry & Shoemaker, Kevin L. Shoemaker* and *D. Lewis Clark, Jr.,* for relators.

*Lee Fisher,* Attorney General, and *James C. Sauer,* Assistant Attorney General, for respondent.

JOHN C. YOUNG, Presiding Judge.

Relators, S.E. Ryland, Ashland County Auditor, et al., filed this original action requesting that this court issue a writ of mandamus ordering respondent, Roger Tracy, Tax Commissioner of the state of Ohio, to apportion the values of the situsable personal property of Columbia Gas Transmission Corporation ("Columbia Gas") in compliance with R.C. 5727.15(D) for purposes of tax years 1988, 1989, 1990, and 1991. Subsequently, relators filed a Civ.R. 41(A)(1) notice of dismissal with respect to tax years 1988 and 1989.

This matter was referred to a court-appointed referee pursuant to Civ.R. 53 and Section 13, Loc.R. 11 of the Tenth District Court of Appeals. The referee has filed a report based on findings of fact and conclusions of law and has recommended that this court deny relators' request for a writ of mandamus on the grounds that relators have an adequate remedy at law by way of declaratory judgment. No objections have been filed to the referee's report.

After review of the report, this court adopts the referee's findings of fact and conclusions of law and the recommendation of the referee, having

determined that there is no error of law or other defect on the face of the referee's report.

In order to establish a right to a writ of mandamus, relators must meet the requirements set forth in *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225, wherein the court noted:

"This court has consistently held that in order for a writ of mandamus to issue the relator must demonstrate '(1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law.' * * * " *Id.* at 29, 6 OBR at 51, 451 N.E.2d at 326.

Relators challenged the manner in which respondent has applied the provision of R.C. 5727.15(D), which provides in pertinent part:

"In the case of all other public utilities, the value of the property to be apportioned shall be apportioned to each taxing district in proportion to the entire value of such property within this state."

The parties stipulated that the respondent's apportionment policy for 1990 and 1991 was as follows:

"24. Under the apportionment method used with respect to Columbia Gas, 70% of the taxable value of gas stored underground was assigned to the taxing districts in which it was located. The remaining 30% of the taxable value of gas stored underground plus 100% of the taxable value of all other taxable personal property was then assigned to various taxing districts based on the ratio between the cost of such property located in the taxing district and the total cost of such property located in the state."

Relators allege that respondent's policy violates respondent's clear duty under R.C. 5727.15(D) to apportion property based on the value of all property owned by the utility in the taxing district as compared to the total value of all properties owned by the utility throughout the state. Relators request that this court construe the terms of R.C. 5727.15(D) and determine that the respondent's seventy/thirty apportionment method is contrary to law.

As the referee noted, a declaratory judgment action, pursuant to R.C. 2721.02, is available to determine the rights of the parties in this case. R.C. 2721.02 provides in pertinent part:

"Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * * The declaration may be either affirmative or negative in form and effect. Such declaration has the effect of a final judgment or decree."

R.C. 2721.03 provides, in pertinent part, as follows:

"Any person * * * whose rights, status, or other legal relations are affected by a * * * statute * * * may have determined any question of construction or validity arising under such * * * statute, * * * and obtain a declaration of rights, status, or other legal relations thereunder."

Under the facts stipulated herein, a declaratory judgment proceeding will afford relators the opportunity to have their rights declared under R.C. 5727.15.

Based on the foregoing, this court finds that relators have an adequate remedy at law by way of declaratory judgment and, therefore, relators have failed to demonstrate the right to a writ of mandamus. Relators' request for a writ of mandamus is denied.

In light of this court's decision herein, relators' November 27, 1991 motion for production of documents is moot.

*Writ denied.*

TYACK, J., concurs.

WHITESIDE, J., concurs separately.

WHITESIDE, Judge, concurring separately.

Based upon the second paragraph of the syllabus of *State ex rel. Fenske v. McGovern* (1984), 11 Ohio St.3d 129, 11 OBR 426, 464 N.E.2d 525, relators have failed to demonstrate that declaratory judgment would not afford them a complete remedy. Accordingly, I concur in the decision and judgment.