RYLAND et al., Cty. Auds., Appellees,

v.

TRACY, Tax Commr., et al., Appellants.

[Cite as *Ryland v. Tracy* (1994), 96 Ohio App.3d 392.]

Court of Appeals of Ohio,
Franklin County.

No. 93APE11–1533.

Decided Aug. 9, 1994.

*Berry & Shoemaker* and *Kevin L. Shoemaker,* for appellees.

*Lee Fisher,* Attorney General, and *James C. Sauer,* Assistant Attorney General, for appellants.

DESHLER, Judge.

Appellants, Roger W. Tracy, Tax Commissioner of Ohio, and the Ohio Department of Taxation, appeal from a decision of the Franklin County Court of Common Pleas granting declaratory judgment and relief in mandamus for appellees, the Auditors of Ashland, Holmes, and Richland counties.

The underlying dispute in this action involves the 1990 tax apportionment of "situsable" tangible personal property belonging to the Columbia Gas Transmission Corporation ("Columbia") and located in appellees' counties. For 1990 and prior years, the commissioner had valued such property under the so-called "70–30 split," under which seventy percent of the value of underground stored gas was apportioned to the taxing district in which it was located, and the remaining thirty percent was apportioned among all districts in which Columbia had property. Appellees challenged the use of this method for tax years 1988 and 1989, and the Board of Tax Appeals held in *Ryland v. Limbach,* (Mar. 27, 1991), BTA Nos. 88–J–974, 88–D–980, 88–G–986, unreported, that the seventy-thirty split was improperly applied to Columbia for tax year 1988. The parties apparently accepted the board's decision as dispositive of the issue for 1989 as

well. The commissioner subsequently abandoned the seventy-thirty split appor-
tionment for tax year 1991 and after.

The commissioner declined to correct the apportionment for tax year 1990, and
a change in the tax appellate process between that year and those preceding it
has dictated the procedural posture of this case. Prior to tax year 1990, auditors
of Ohio counties had the statutory right to challenge determinations by the
commissioner regarding valuation and apportionment of personal property be-
longing to public utility companies. This right of appeal to the Ohio Board of Tax
Appeals was abrogated, however, effective December 31, 1989, by an amendment
to R.C. 5727.23. Appellees in this case were therefore without the prior remedy,
when attempting to challenge the apportionment of Columbia situsable property
for tax year 1990, which they had pursued for tax years 1988 and 1989.
Appellees therefore filed a mandamus action with this court on May 13, 1991,
seeking a writ ordering the commissioner to reapportion the tax value of
Columbia's stored gas for tax year 1990 without employing the seventy-thirty
split.

In our decision in *State ex rel. Ryland v. Tracy* (1992), 78 Ohio App.3d 631, 605
N.E.2d 990, we held that an action in mandamus would not lie because the
auditors had an adequate remedy at law by way of declaratory judgment.
Pursuant to that decision, appellee filed this action for declaratory judgment on
October 5, 1992, in the Franklin County Court of Common Pleas in order to
determine whether the application of the seventy-thirty split apportionment for
1990 was a violation of R.C. 5727.15(D). The trial court issued a decision on June
30, 1993, followed by a "corrected decision," which differed only in minor detail
from the original decision, on July 9, 1993. The trial court granted appellees'
motion for summary judgment and found that it did not appear to be in dispute
that the seventy-thirty split was violative of R.C. 5727.15(D), in light of the Board
of Tax Appeals' decision for tax year 1988 and the commissioner's abandonment
of that apportionment method for subsequent years. The trial court further
found that appellees had standing to bring a declaratory judgment action in this
matter; that the action was not timed-barred; and that there was no statutory
obstacle to the commissioner's power to correct his assessment for tax year 1990.
The ensuing judgment entry, journalized on October 5, 1993, additionally granted
appellees a writ of mandamus ordering appellants to reapportion the value of
situsable property without using the seventy-thirty split, and therefore apportion
one hundred percent of the value of situsable property to the taxing district in
which it was located for tax year 1990.

Appellants have timely appealed and raise the following four assignments of
error:

"1. The Common Pleas Court erred in failing to find that the plaintiffs lacked a duty to them or a right or standing to challenge the Tax Commissioner's apportionment of public utility property values pursuant to R.C. 5725.15 and in failing to dismiss the action for declaratory judgment.

"2. The Common Pleas Court erred in failing to find that the plaintiff's objection to the 1990 apportionment of Columbia Gas Transmission Corp. values was a moot issue and that there was no justiciable controversy sufficient to warrant declaratory relief, and that the plaintiffs were, in any event, barred by the doctrine of laches.

"3. The Common Pleas Court erred in finding a clear legal duty on the part of the Tax Commissioner to reapportion the value of Columbia Gas Transportation Corp.'s property for 1990. The Court further erred in ordering the Tax Commissioner to make such a reapportionment and to recertify the resulting values to the various county auditors.

"4. The Common Pleas Court erred in failing to find that it was barred by the automatic stay provisions of Section 362 of the United States Bankruptcy Code (11 U.S.C. § 362) from consideration of the plaintiff's request for an order which would increase the tax liability of Columbia Gas Transmission Corp., which had filed and still has pending a petition in bankruptcy."

The underlying issue of the legality of the seventy-thirty split, as the trial court noted, is not specifically disputed upon appeal. R.C. 5727.15(D) states in pertinent part:

"(D) In the case of all other public utilities, the value of the property to be apportioned shall be apportioned to each taxing district in proportion to the entire value of such property within this state."

Appellants do not assert that the seventy-thirty split comports with this provision, and their arguments are entirely aimed at the procedural posture, rather than the substantive merits of this controversy.

Preliminarily, we note that, under Civ.R. 56, a motion for summary judgment requires that the evidence be construed most strongly in favor of the nonmoving party; summary judgment should be granted only if no genuine issue of material fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which the party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

■ Appellants' first assignment of error asserts that the trial court should have dismissed this action because appellees, having been deprived of their statutory right to appeal to the Board of Tax Appeals, in essence have lost all right to seek any judicial determination of the correctness of an apportionment determination by the Tax Commissioner. Without desiring to minimize the extensive and cogent arguments presented by the parties on this issue, we find that the question of whether appellees have the right to bring a declaratory judgment action is *res judicata* in this case. Our prior decision in *Ryland, supra,* specifically held:

"Under the facts stipulated herein, a declaratory judgment proceeding will afford relators the opportunity to have their rights declared under R.C. 5727.15.

" * * *

"[T]his court finds that relators have an adequate remedy at law by way of declaratory judgment and, therefore, relators have failed to demonstrate the right to a writ of mandamus. * * *" *Id.,* 78 Ohio App.3d at 634, 605 N.E.2d at 992.

Appellants were a party to that action and, presumably, argued against the issuance of a writ of mandamus on the basis of the availability of a legal remedy. The decision was not appealed. Appellants are therefore collaterally estopped from attempting to relitigate the issue of whether appellees are entitled to bring an action in declaratory judgment. Appellants' first assignment of error is accordingly overruled.

Appellants' second assignment of error contends that reapportionment was a moot issue, there was no justiciable controversy, and the application of the doctrine of laches all operated to bar any action in declaratory judgment in this case. All of the issues raised pertain to the effect of the alleged delay by appellees in bringing this action some two years after the initial assessment and apportionment by appellants.

■ Addressing first the issue of laches, we find that the doctrine is not applicable on these facts. "Delay in asserting a right does not of itself constitute laches, and in order to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting the claim." *Smith v. Smith* (1959), 168 Ohio St. 447, 156 N.E.2d 113, paragraph three of the syllabus. The procedural history of the case before us does not appear to demonstrate unreasonable delay on the part of appellees in attempting to correct the tax apportionment for tax year 1990. While appellees' initial attempt to pursue a mandamus action in this court caused the eventual filing of this declaratory judgment action to be delayed until October 1992, appellees had earlier attempted

to pursue a judicial remedy. The parties' relative positions with regard to apportionment for tax year 1990 have been well defined from the outset, in light of the pending actions for prior tax years. Appellants have failed to establish in what manner they are prejudiced by any alleged delay on the part of appellees. This does not appear to be a situation in which evidence may be lost, or the position of appellants otherwise compromised. The doctrine of laches is not applicable on these facts.

Regarding the appropriateness of declaratory judgment in this case, it is well settled that three elements are necessary to obtain a declaratory judgment: (1) a real controversy between the parties, (2) a controversy which is justiciable in character, and (3) a situation where speedy relief is necessary to preserve the rights of the parties. *Burger Brewing Co. v. Ohio Liquor Control Comm.* (1973), 34 Ohio St.2d 93, 63 O.O.2d 149, 296 N.E.2d 261. R.C. 2721.03 provides that:

"Any person * * * whose rights, status, or other legal relations are affected by a * * * rule as defined in Section 119.01 of the Revised Code * * * may have determined any question of construction or validity arising under such instrument * * * and obtain a declaration of rights, status, or other legal relations thereunder."

It has already been determined at this time, by the Board of Tax Appeals, that the seventy-thirty split does not comport with R.C. 5727.15. Appellants have not presented any argument to the effect that the statute is to be interpreted differently for 1990 than for 1988. There persists a real controversy between the parties over whether a reapportionment for tax year 1990 must be made by the commissioner. Declaratory judgment, coupled with mandamus, as ordered by the trial court, clearly provides a resolution to this controversy. Speedy relief is necessary to preserve appellees' tax revenue lost as a result of the seventy-thirty split. On this record, all elements appear present such that declaratory judgment is appropriate in this case. Despite appellants' argument that the controversy lacks sufficient immediacy because the challenged act on the part of the commissioner was performed more than two years earlier, this does not abate the loss sustained by appellees, but rather exacerbates it, as they are deprived of the claimed tax revenue for an ever-increasing period of time. The issue is therefore anything but moot.

In summary, we do not find any unreasonable delay on the part of appellees justifying the application of the doctrine of laches, and we do not find that any delay has prejudiced appellees' right to seek declaratory judgment. Appellants' second assignment of error is therefore overruled.

Appellants' third assignment of error challenges the issuance of a writ of mandamus by the trial court ordering a reapportionment and recertification of Columbia's taxable property for tax year 1990. As we noted in our prior decision in this matter, in order to establish a right to a writ of mandamus, appellees must establish that they have a clear legal right to the relief prayed for, that appellants have a clear legal duty to perform the act prayed for, and that appellees have no plain and adequate remedy in the ordinary course of the law. *State ex rel. Burger v. McMonagle* (1983), 6 Ohio St.3d 28, 29, 6 OBR 50, 50, 451 N.E.2d 225, 226–227.

"[W]here declaratory judgment would not be a complete remedy unless coupled with ancillary relief in the nature mandatory injunction, the availability of declaratory injunction is not an appropriate basis to deny a writ to which the relator is otherwise entitled." *State ex rel. Fenske v. McGovern* (1984), 11 Ohio St.3d 129, 11 OBR 426, 464 N.E.2d 525 paragraph two of the syllabus.

In our first decision in this matter we found that appellees could not demonstrate a right to a writ of mandamus because of the availability of a legal remedy in the form of declaratory judgment. That finding does not preclude the issuance of a writ which, joined with a demand for a declaration of rights in a declaratory judgment proceeding, will provide an adequate remedy to appellees, as granted by the trial court in this case. Coupled with the absence of a right of appeal to the Board of Tax Appeals, this permits us to conclude that the third prong of the mandamus requirement has been satisfied, in that appellees have no plain and adequate remedy in the ordinary course of the law which would provide them relief without ancillary relief in the nature of a writ of mandamus.

Examining now the first two requirements for issuance of a writ of mandamus, we find that appellees have demonstrated both a clear legal right to a reapportionment of taxes, and that the Tax Commissioner is under a clear legal duty to perform such an apportionment. While appellants argue, in reliance upon *State ex rel. Willis v. Sheboy* (1983), 6 Ohio St.3d 167, 6 OBR 225, 451 N.E.2d 1200, that there is no present existing duty on the part of the Tax Commissioner to correct a past tax apportionment, we cannot be persuaded that the act of a government official is beyond the reach of a writ of mandamus simply because such act has already occurred. The Ohio Supreme Court had already rejected the seventy-thirty split as applied to electric utilities in 1984, *Condee v. Lindley* (1984), 12 Ohio St.3d 90, 12 OBR 79, 465 N.E.2d 450, and apportionment for Columbia was already contested before the Board of Tax Appeals for the tax years of 1988 and 1989 at the time the 1990 apportionment was issued. While appellants can justifiably state that there had been no absolute pronouncement, specifically with regard to gas pipeline utilities, upon the issue of the seventy-thirty split, the invalidation of appellants' own informal rule by the Board of Tax

Appeals in March 1991 clearly casts doubt on the validity of the rule for recently established 1990 apportionments. Having suffered an adverse determination for tax year 1988, and abandoned the method for tax years 1991 and after, the sole apparent reason for refusal to reapportion Columbia's situsable personal property for 1990 appears to be the absence of a right to appeal by appellees for that year.

The trial court based its decision in part on R.C. 5703.05(H), which provides that the Tax Commissioner has the power to make necessary corrections to tax assessments and valuations:

"(H) Making all tax assessments, valuations, findings, determinations, computations, and orders the department of taxation is by law authorized and required to make and, pursuant to time limitations provided by law, on his own motions, reviewing, redetermining, or correcting any tax assessments, valuations, findings, determinations, computations, or orders he has made, but he shall not review, redetermine, or correct any tax assessment, valuation, finding, determination, computation, or order which he has made as to which an appeal or application for rehearing, review, redetermination, or correction has been filed with the board of tax appeals, unless such appeal or application is withdrawn by the appellant or applicant or dismissed[.]"

Appellants would read this statute as not imposing a duty upon the Tax Commissioner to make corrections, but rather merely authorizing him to make corrections upon his own motion. Such matters would then fall, in appellants' view, entirely within the discretion of the commissioner, and would moreover be limited to the ninety-day period between the issuance of the preliminary assessment in October and the final certification of the valuation. Again, this appears to be an attempt to place all actions of the Tax Commissioner beyond the reach of any writ of mandamus issued by a court. While it is true that the trial court's writ requires a recalculation and recertification of past tax apportionment, a certain element of retroactivity is inevitable in many mandamus actions. As the Supreme Court noted in *Sheboy, supra:*

"The function of mandamus is to compel the performance of a present existing duty as to which there is a default. It is not granted to take effect prospectively, and it contemplates the performance of an act which is incumbent on the respondent when the application for a writ is made." *Id.* at paragraph two of the syllabus.

An action seeking a writ of mandamus prior to the issuance of the apportionment for the tax year of 1990 would have been premature; an action brought afterwards could not hope to be concluded before the expiration of the "ninety-day statute of limitations" proposed by appellant.

Upon any reassessment, pursuant to mandamus and R.C. 5703.05(H) (even in the absence of a duty to make corrections pursuant to R.C. 5703.05[H] ), the

commissioner's duty to apportion the taxpayer's property in accordance with law is not one which ceased to exist the instant the apportionment was concluded. The Tax Commissioner's duty to apportion situsable property according to law is a continuing one, subject to mandamus. We therefore find that appellees have a clear legal right to a correct apportionment of Columbia's situsable personal property and that appellants are under a clear legal obligation to conduct such an apportionment in accordance with law. In conjunction with our determination above that appellees have no plain and adequate remedy in the ordinary course of the law, we therefore conclude that the trial court did not err in granting a writ of mandamus, and appellants' third assignment of error is overruled.

■ Appellants' fourth assignment of error addresses the issue raised by Columbia's filing of a bankruptcy petition on July 31, 1991. Section 362 of the Bankruptcy Code, Section 362(a), Title 11, U.S.Code, provides a general automatic stay against certain proceedings against the debtor:

"(4) any act to create, perfect, or enforce any lien against property of the estate;

"(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

"(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title[.]"

Section 362(b) contains a series of exceptions to the broad prohibitions of Section 362(a), including Section 362(b)(9), which provides that the automatic stay is not applicable to "the issuance to the debtor by a governmental unit of a notice of tax deficiency." Appellants argue that the reapportionment ordered by the trial court in this case will result in an increased tax liability for Columbia, constituting an attempt to create a lien in violation of Section 362(a) of the Bankruptcy Code.

Appellees rely on the case of *H & H Beverage Distrib. v. Dept. of Revenue of Pennsylvania* (C.A.3, 1988), 850 F.2d 165, and we find this case persuasive. In *H & H Beverage,* the state attempted to conduct a sales tax audit and issue a "notice of audit assessment" to the debtor. The bankruptcy court found this to be in violation of Section 362(a), and the district court affirmed. On appeal, however, the United States Court of Appeals for the Third Circuit found that although the audit was a step towards the creation of a lien, it was also a prerequisite to the issuance to the debtor of a notice of tax deficiency, a permissible exception to the stay under Section 362(b)(9). The court held that:

"Auditing a debtor's sales tax records does not by itself constitute an act to create a lien or collect a claim. The Commonwealth, like any other creditor, is entitled to determine whether it possesses a valid claim against the debtor

"* * *

"[A]lthough a governmental unit may not collect taxes or create a lien during the stay, it may notify the debtor of a tax deficiency." *Id.* at 167.

Although we must concede that the analogy between an audit and a reapportionment is not perfect, sufficient parallels exist for us to be persuaded by the reasoning of *H & H Beverage.* Although a reapportionment is mandated by the trial court in this case, actual collection of the taxes, or creation of an increased lien for tax year 1990, may be subject to bankruptcy court approval. We note that the tax lien for tax year 1990 attached prior to the filing of the bankruptcy petition on July 31, 1991; it is, therefore, not subject to the automatic stay of Section 362(a), at least in its original amount. The court in *H & H Beverage* did not address the priority to be accorded to any increase in sales tax due following the audit. Likewise, we are not in a position to speculate on the treatment the bankruptcy court may reserve as to any increase in taxes resulting from the reapportionment ordered in this case. We expressly limit our holding to a simple determination that a reapportionment, as mandated by the trial court in this case, is not barred by the provisions of Section 362(a). Appellants' fourth assignment of error is therefore overruled.

Based upon the foregoing, appellants' first, second, third, and fourth assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and PETREE, JJ., concur.