WISE, Appellant,

v.

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTION et al., Appellees.**

[Cite as *Wise v. Ohio Dept. of Rehab. & Corr.* (1992), 84 Ohio App.3d 11.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–838.

Decided Nov. 24, 1992.

*Richard Wise, Jr., pro se.*

*Lee I. Fisher,* Attorney General, and *Gary D. Andorka,* Assistant Attorney General, for appellees.

————————

WHITESIDE, Judge.

Plaintiff-appellant, Richard Wise, Jr. ("appellant"), appeals from a judgment of the Franklin County Common Pleas Court and raises two assignments of error as follows:

"A. First Assignment of Error: The Court erred as a matter of law in ruling for the defendants without determining whether justiciable issue had been made and failing to declare, in its judgment entry, rights of the parties, which is an abuse of its discretion.

"B. Second Assignment of Error: It is prejudicial error and an abuse of discretion for the Court to permit defendants to file late opposing brief and motion for summary judgment and then grant defendants' motion for summary judgment without giving the Appellant reasonable time to respond thereto."

By his complaint, appellant seeks a declaratory judgment as to whether certain actions of the Ohio Department of Rehabilitation and Correction, its director, and the Ohio Adult Parole Authority and its "chief" and chairman violate statutory and rule requirements relative to promulgating rules and violate plaintiff's due process and equal protection rights, and whether the "Parole Guidelines–Policy Statement" were properly adopted and that " * * * all administrative rules filed under 111.15 O.R.C. currently in use by the Adult Parole Authority and parole board are invalid * * *."

Appellees filed a motion for summary judgment which was sustained by the common pleas court, the court noting that "there is not a real controversy between the parties or that speedy relief will help the Plaintiff–Relator in any way." The court also noted that the ancillary writ of mandamus sought by appellant could not be granted, apparently holding the declaratory judgment finding precluded that there being a clear legal right to a writ.

By the first assignment of error, appellant raises issues concerning the adoption of the "Parole Guidelines–Policy Statement," apparently referring to "The Ohio Parole Board Guidelines." These guidelines apparently were adopted by the parole board and state in part that:

"The adoption of parole guidelines represents a movement away from the traditional decision-making strategy which has been in use in Ohio and most other states for a century, and toward a system-oriented and more objective approach to the critical correctional decisions involving release of inmates.

" * * *

"The guidelines are only a tool to be utilized in enhancing the quality of decisions. An individual case will always be decided by the professional judgment and discretion of the Parole Board. The guidelines may be overridden and should not be viewed as creating an expectation of release in a particular case."

Apparently, these guidelines were not adopted in accordance with the statutory procedure for adopting rules.

 With respect to maintaining an action in declaratory judgment, R.C. 2721.03 provides as follows:

"Any person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise, may have determined any question of construction or validity arising under such instrument, constitutional provision, statute, rule, ordinance, resolution,

contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

Appellant, however, contends that the guidelines cannot be given effect unless promulgated as a rule in accordance with statutory procedure. However, not being a rule, the guidelines are not subject to R.C. 2721.03, which limits its application in this regard to constitutional provisions, statutes and rules. Appellant points out that R.C. 5149.10 provides in pertinent part as follows:

" * * * In addition to the rules authorized by section 5149.02 of the Revised Code, the chief of the adult parole authority shall, subject to the approval of the chief of the division of parole and community services, adopt rules governing the proceedings of the parole board. Such rules shall provide for service by at least one board member on each parole hearing panel and one or more hearing officers as designated by the chairman of the board, and for the sitting of several board members as a hearing board, and shall require agreement by a majority of all the board members to any recommendation of clemency transmitted to the governor."

Assuming that that statute would require the guidelines in question to be adopted as a rule, declaratory judgment is not an appropriate remedy to preclude utilization of a rule not properly adopted in accordance with statutory procedures. Accordingly, the trial court appropriately found that declaratory judgment is not a proper remedy under the circumstances.

Similarly, with respect to the request for mandamus, the trial court appropriately found such remedy not to be available under the circumstances. As the trial court noted, even if the guidelines were made a rule or were disregarded, no right of appellant to release or parole would be created. The question of his release or parole would still be within the sound discretion of the parole authorities. Accordingly, the first assignment of error is not well taken.

By the second assignment of error, appellant contends that the trial court abused its discretion both in permitting appellees to file a brief opposing appellant's motion for summary judgment late, and by not affording appellant a reasonable time to respond.

Despite appellant's contention, appellees' brief in opposition to appellant's motion for summary judgment was timely filed. Loc.R. 57.01 of the trial court provides that summary judgment motions shall be submitted to the court at a non-oral hearing. Appellant's summary judgment motion was set for non-oral hearing on February 10, 1992 and appellees' brief was filed three days prior thereto on February 7, 1992. Since the brief was not required to be filed until February 10, filing it on February 7 was timely despite the language of the last sentence of Loc.R. 57.02, which is in direct conflict with Civ.R. 56 and, thus, void.

As this court has previously held; hearings upon motions for summary judgment may be either oral or non-oral. The evidence is to be filed by the responding party on or before the day before the day fixed for hearing. If there is an oral hearing, the parties may appear and present oral argument in support or in opposition to the motion. If the hearing is non-oral, the parties may file written argument (a brief) to the court on the day fixed for the non-oral hearing. In other words, a non-oral hearing is one upon written, rather than oral, argument presented *on the day fixed for the hearing.*

In other words, Civ.R. 56 requires that the day for filing the brief in opposition to a motion for summary judgment be the day of the non-oral hearing. Requiring the brief to be filed earlier and "submitted" on the assigned date results in there being no hearing, oral or non-oral, and, thus, contrary to Civ.R. 56. Likewise, actual notice in writing of the day fixed for the hearing, whether oral or non-oral, must be given to the non-moving party at least fourteen days prior to the day fixed for the hearing and no local rule can dispense with this requirement. See *O'Brien v. Univ. Community Tenants Union* (Mar. 27, 1975), Franklin App. Nos. 74AP–427, 74AP–471 and 74AP–502, unreported; *Federated Dept. Stores, Inc. v. Lindley* (1987), 30 Ohio St.3d 135, 30 OBR 447, 507 N.E.2d 1114; and *Petrey v. Simon* (1983), 4 Ohio St.3d 154, 4 OBR 396, 447 N.E.2d 1285. Civ.R. 56(C) permits the filing of evidence by the opposing party prior to the day fixed for the hearing (of which written notice has been given), and it would be absurd to require the filing of the written (non-oral) argument prior to the time the evidence is filed and application of Loc.R. 21.01 of the trial court could deprive both parties of an opportunity to brief the motion in light of the evidence presented by the opposing party. Accordingly, appellees' brief was timely filed under Civ.R. 56 and the local rules of the trial court to the extent that they are consistent with the Civil Rules.

■ Appellant's second contention is correct in that the trial court did not afford time for appellant to respond to appellees' motion for summary judgment, which was filed only three days before the non-oral hearing upon appellees' motion for summary judgment. Civ.R. 56(C) requires at least fourteen days' notice of the hearing. This was error on the part of the trial court. However, in light of the discussion above in connection with the first assignment of error, such error was not prejudicial. Appellant has not suggested, nor we can conceive of, any evidentiary material that could have been presented that would have varied the result in this case. Only a question of law is presented and the trial court correctly determined that issue of law, namely, that neither declaratory judgment nor mandamus is an appropriate remedy under the circumstances herein. Accordingly, there being no prejudicial error, the second assignment of error is not well taken.

For the foregoing reasons, both assignments of error are overruled, and the judgment of the Franklin County Common Pleas Court is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG, P.J., and TYACK, J., concur.