OPINION
Appellant, Carolyn Williams Pytlik, appeals a decision of the Trumbull County Court of Common Pleas filed October 12, 1999, granting the motion for summary judgment of appellee, William Biviano. The following facts are relevant to a determination of the appeal.
Appellant was dissatisfied with the legal representation provided by appellee, an attorney, in her domestic relations case in 1993, resulting in her filing a civil complaint against him in Trumbull County on June 20, 1994. Appellant alleged that appellee's representation fell below the acceptable standards of the legal community. Appellant, however, voluntarily dismissed the complaint pursuant to Civ.R. 41(A) on December 14, 1994. She refiled her complaint on December 7, 1995, pursuant to the saving statute. The trial court granted summary judgment in favor of appellee on January 13, 1997, determining that appellee was entitled to judgment as a matter of law because appellant's complaint was barred by the statute of limitations. This decision was affirmed by this court on appeal. Pytlik v. Biviano (Aug. 7, 1998), Trumbull App. Nos. 97-T-0022 and 97-T-0063, unreported.
On March 26, 1997, appellant refiled her complaint against appellee while the previous case was pending before us on appeal. Subsequently, on January 15, 1999, appellant refiled her complaint against appellee but, this time, she filed it in Ottawa County instead of Trumbull County. However, at appellee's request, the case was transferred back to Trumbull County in accordance with Civ.R. 3(C) due to improper venue. On August 4, 1999, visiting Judge Warren Bettis was assigned by the Supreme Court of Ohio to preside over this case. The matter was scheduled for a hearing on October 18, 1999.
On October 7, 1999, appellee filed a motion for summary judgment claiming that appellant's latest complaint was barred by the doctrines of res judicata and law of the case. On October 12, 1999, before appellant responded to the motion, the trial court granted appellee summary judgment without explanation. On October 13, 1999, appellant filed a "Motion for Enlargement of Time, Motion to Set Pretrial Conference, Motion for Continuance, Motion to Withdraw." No action was taken by the trial court on this filing.
Appellant timely filed a notice of appeal and has now set forth the following assignments of error:
 "1. The trial court erred and abused its discretion, to the prejudice of the appellant, by dismissing the case on summary judgment before allowing the plaintiff the time according to the rules of the court to respond to the motion for summary judgment.
 "2. The trial court erred and abused its discretion, to the prejudice of the appellant by not addressing the motion for enlargement of time, motion to set pretrial conference, and motion for continuance.
 "3. The trial court erred, to the prejudice of the appellant, by dismissing the case with prejudice and for reason other than the merits of the case."
In the first assignment of error, appellant contends that the trial court erred by granting appellee's motion for summary judgment without first allowing appellant adequate time to respond to the motion. Pursuant to Civ.R. 56(C), a party seeking summary judgment must serve his motion at least fourteen days prior to the time fixed for the hearing. The opposing party then has up until the day prior to the hearing to file a response and opposing affidavits.
In the present case, it is clear that the trial court violated Civ.R. 56(C) by not allowing appellant adequate time to respond to appellee's motion. However, we must conclude that the error is harmless. Appellant has failed to set forth any basis that could possibly defeat the motion for summary judgment. The sole question before the trial court was a question of law, not of fact. Appellant has filed the exact same complaint on three prior occasions. Twice, she voluntarily dismissed the complaint. However, on the other occasion, final judgment was entered against her and we affirmed that decision on appeal. Thus, as a matter of law, there is nothing new left to decide.
The Supreme Court of Ohio applied the doctrine of resjudicata in holding:
 "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus.
As applied to the case sub judice, the final judgment upon its merits rendered by the trial court on January 13, 1997, in an earlier case that was identical to the present one is a bar to this case and any future case that might be filed that is based upon the same set of facts. Thus, the trial court properly decided, as a matter of law, that res judicata barred the present cause.
In Wise v. Ohio Dept. of Rehab. Corr. (1992),84 Ohio App.3d 11, the Tenth District Court of Appeals held that even though the appellee in that case was not given proper time to respond to a motion for summary judgment, the error was harmless because the only question presented was one of law, and that question was properly decided by the trial court. The same analysis applies to this case. Appellant has not suggested, nor can we conceive of, any way that res judicata would not apply to bar appellant's present claim. It has already been decided that appellant's malpractice action was outside of the statute of limitations. Nothing can change that. Any further claim based upon appellee's representation of appellant must necessarily be barred by the statute of limitations.
Accordingly, appellant's first assignment of error is without merit.
In the second assignment of error, appellant asserts that the trial court erred by not addressing her "Motion for Enlargement of Time, Motion to Set Pretrial Conference, Motion for Continuance, Motion to Withdraw." We disagree.
It is clear that appellant's motions were filed a day after summary judgment had been granted in favor of appellee. Thus, the trial court was without jurisdiction to consider appellant's motions and it would have been improper to rule on any of them. Appellant had the option of filing a Civ.R. 60(B) motion, but failed to take advantage of that opportunity in a timely manner. Thus, the trial court properly ignored appellant's untimely motions.
Appellant's second assignment of error is without merit.
In the third assignment of error, appellant submits that the trial court erred by dismissing the case with prejudice in a summary proceeding. Specifically, appellant contends that the present case is not the same as the one previously decided by the trial court. We disagree.
Essentially, the alleged differences pointed out by appellant concern damages that supposedly resulted from appellee's malpractice. However, the allegations regarding the malpractice itself have not changed. The alleged acts occurred in early 1993, when appellee was representing appellant as her attorney. The trial court has already determined that appellant's complaint was filed too late. That fact has not changed. As previously mentioned, if appellant's earlier claim was untimely filed, then her later claim must necessarily have been untimely filed. Appellant's allegations of different damages does not change that fact. Hence, the trial court properly granted appellee's motion for summary judgment.
Appellant's third assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
 _______________________________________ WILLIAM M. O'NEILL, JUDGE
CHRISTLEY, P.J., dissents with Dissenting Opinion, DONOFRIO, J., Ret., Seventh Appellate District, sitting by assignment, concurs.