OPINION
This appeal is brought by Plaintiff-Appellant Gerald Houston from a judgment of the Court of Common Pleas, Allen County granting the Defendant-Appellee's Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). This appeal was assigned to the accelerated docket and has been considered pursuant App.R.11.1(E) and Loc.R.12. Pursuant to Loc.R. 12(5) we have elected to issue a written opinion.
Houston raises the following assignments of error.
 I. The trial court erred when it dismissed Houston's complaint for declaratory judgment and injunctive relief pursuant to C.R.12(b)(6) when it ignored the plain allegations and requests found in the complaint, and where a real controversy arose between the parties concerning his contract or plea agreement with the state of Ohio, as well as the APA's application of the new parole board guidelines implemented in March 1, 1998.
 II. The trial court erred when it failed to determine that the State, its officers, employees, agents, departments, and agencies, to include the departments of Rehabilitation and Correction and its division, the Adult Parole Authority, are bound by the terms of the agreement between Houston and itself, that agreement being entitled "plea agreement" as was memorialized by the Judgment Entry filed in the Court of Common Pleas for Allen County, on January 20, 1982; and that on February 22, 1999 the State of Ohio, in the person of the Ohio Adult Parole Authority breached said agreement by denying appellant the benefit of the reduction in the offense charged which was given as inducement or in exchange for Houston's guilty plea.
On January 20, 1982 the Allen County Court of Common Pleas sentenced Plaintiff-Appellant Gerald Houston to a term of twenty (20) to one hundred years(100) for pleading guilty to one count of aggravated burglary, three counts of aggravated robbery and two counts of attempted murder. The guilty plea was the result of a plea bargain made with the Allen County Prosecutor's Office.
In 1999, after serving 17 years of the 20 year minimum sentence, Houston made three appearances before Ohio Adult Parole Authority (APA) in hopes of early release. Each of the hearings produced the same outcome; Houston was denied parole and was categorized according to the APA's self-developed "Parole Guidelines Chart" as a "Category 12," meaning that he would have to serve at least 20 to 25 years before being considered as a candidate for early release. In all three decisions, the parole board based their categorization of Houston on the aggravating nature of his crimes, the fact that he caused permanent injury to his victims and allegations by witnesses that he had sexually assaulted one of the victims.
On November 6th, 2000 Houston filed a Complaint for Declaratory Judgment in the Allen County Court of Common Pleas naming as Defendants the Director of the Ohio Department of Rehabilitation Correction, the Deputy Director of the Division of Parole Community Services, the Chairperson of the Adult Parole Authority and the Allen County Prosecutor. The complaint alleged that the defendants, as agents of the state, had breached the terms of his 1982 Plea Agreement whey they assigned him a "Category 12" designation. The Defendants promptly filed a Motion to Dismiss for failure to state a claim upon which relief may be granted pursuant to Civ.R. 12(B)(6) which was ultimately granted on February 21, 2001. It is from this judgment that Houston appeals.
Both of Houston's assignments of error allege that the trial court erred when it failed to find that the Defendants had breached the contractual obligations of his 1982 plea agreement. According to Houston, by the terms of the APA's "Guidelines Chart" he should be a "Category 10" and not a "Category 12" because he only plead guilty toattempted murder. He claims that when the parole authority bumped him up to a "Category 12" based on the aggravating nature of his crimes, they did so in violation of his plea agreement. We reject this argument and affirm the trial court's dismissal of the complaint.
First, Houston has no constitutional or statutory right to early release or to consideration for early release. Vaughn v. Ohio ParoleAuthority (1999), 85 Ohio St.3d 379, 708 N.E. 720. The trial court held, and we concur, that any use of "guidelines" by the APA is completely discretionary as they are neither adopted by statute nor administrative rule and therefore not binding on any one to include the APA themselves.Wise v. Ohio Department of Rehabilitation Corrections (1992),84 Ohio App.3d 11, 616 N.E.2d 251. The APA created the guidelines and they have the power to change, regulate, deviate, or terminate use of the guidelines. In addition, R.C. 2967.03 gives the APA full discretion to determine who is eligible for parole and when. Therefore, the APA owes no duty to Houston to ensure that he is placed in any certain "guideline level".
We further find that Houston has failed to allege any breach of his plea agreement. Setting aside an analysis as to which of the defendants, if any, are bound by the terms of the plea agreement, there is nothing in the record to indicate that the terms of the agreement have been violated. Indeed, there is nothing in the record to indicate that the terms of his release were anywhere in the plea and there is certainly nothing to show that he was promised a minimum sentence or a certain "guideline level." Rather, Houston plead guilty in exchange for a reduced charge. He was sentenced to 20 years to life. The record reflects that Houston acknowledged this sentence and understood its meaning. That there was ever any basis for Houston to believe that he would serve anything less than the minimum sentence, 20 years, is simply not alleged.
The judgment of the Court of Common Pleas of Allen County is affirmed.
 _____________ Bryant, J.
WALTERS, P.J., and HADLEY, J., concurs separately.
WALTERS, P.J., concurring separately.
I concur with the disposition of the within case simply upon the basis of stare decisis. This court has recently addressed the identical issues in the cases of State v. Shaner (July 27, 2000), Logan App. Nos. 8-99-16, 8-99-17, unreported, and Layne v. Ohio Adult Parole Authority (May 29, 2001), Marion App. No. 9-20001-06, unreported, and has further certified the Layne decision to the Supreme Court as being in conflict withRandolph v. Ohio Adult Parole Authority (Jan. 21, 2000), Miami App. No. 99 CA 17, unreported.