OPINION
{¶ 1} Appellant, W.C. Cupe Community School ("appellant"), filed this appeal seeking reversal of a decision by the Franklin County Court of Common Pleas granting a motion to dismiss, pursuant to Civ. R. 12(B)(1) and 12(B)(6), filed by appellees, Dr. Susan Tave Zelman, Superintendent of Public Instruction for the state of Ohio; Stephen Barr, Associate Superintendent of the Center for School Improvement, Ohio Department of *Page 2 
Education; and Todd Hanes, Executive Director of the Office of Community Schools, Ohio Department of Education (collectively "ODE"). For the reasons that follow, we reverse.
 {¶ 2} On October 11, 2006, appellant filed a complaint in the court of common pleas seeking declaratory and injunctive relief against ODE, as well as an administrative appeal of ODE's decision regarding appellant's achievement of adequate yearly progress ("AYP") under the No Child Left Behind Act, Section 6301, Title 20, U.S. Code et seq. ("NCLBA"). AYP is a measure showing academic progress based on a number of factors set forth in NCLBA. Schools that fail to show adequate AYP can be placed in a watch status that, without improvement, can ultimately result in various sanctions for the school. NCLBA also requires that a yearly report card showing a school's academic progress be issued. Section 6316(c)(5), Title 20, U.S. Code, provides that, at least 30 days prior to making a final determination that a school has not achieved AYP, the state agency responsible for ensuring compliance with NCLBA must provide the school with the data upon which the determination is to be made. During that 30-day period, the school has the opportunity to challenge the proposed determination and produce evidence supporting its position.
 {¶ 3} According to the allegations in the complaint, on August 15, 2006, ODE released the report cards for the 2005-2006 school year. The report card showed that appellant failed to make its AYP for that school year. As a result, appellant was placed in a category of "school improvement status 2," which meant that appellant had failed to make AYP for the second consecutive year. In its complaint, appellant asserted that the first time it became aware that it had not made AYP was when ODE released the yearly report cards on August 15, 2006. *Page 3 
 {¶ 4} On September 13, 2006, appellant sent a letter to ODE appealing ODE's determination regarding AYP. (Complaint, Exhibit A.) The letter was addressed to ODE's "AYP/SI/DI Appeals Team." By e-mail dated September 26, 2006, ODE denied the appeal. (Complaint, Exhibit B.) The e-mail was sent by Ardith Allen, Social Science Research Specialist with ODE's Office of Quality Assurance, on behalf of ODE's Appeals Team. The e-mail stated, "As stated in the AYP 2006 Web site and in several communications with LEAs this summer, the deadline for AYP/SI/DI Appeals was Friday, July 28, 2006. Because we received your appeal request approximately six weeks late (9-13-06), we are unable to take it under consideration." The complaint asserted that ODE never notified appellant of the proposed final AYP determination.
 {¶ 5} The complaint alleged four causes of action. The first cause of action was a request for a declaratory judgment that: (1) the procedure ODE used for appealing AYP determinations violated Section 6316, Title 20, U.S. Code, (2) ODE's standards for determining AYP and for appealing that determination were void and unenforceable because they were not promulgated as rules pursuant to R.C. Chapter 119, and (3) ODE was required to consider appellant's September 13, 2006 appeal of its AYP status.
 {¶ 6} Appellant's second cause of action was based on Section 1983, Title 42, U.S. Code. The complaint asserted that ODE violated appellant's right to prior notice of ODE's AYP determination and the right to challenge that determination by offering supporting evidence. Appellant's third cause of action sought injunctive relief from ODE's AYP determination.
 {¶ 7} Appellant's fourth cause of action was an administrative appeal filed pursuant to R.C. 119.12. The complaint asserted that appellant had been adversely *Page 4 
affected by ODE's AYP determination and subsequent placement of appellant into school improvement status 2, and that ODE's determination was unreasonable, unlawful, and not based on substantial, probative, and reliable evidence.
 {¶ 8} ODE filed a motion to dismiss the action. ODE argued that the claims for declaratory judgment and injunctive relief, as well as the Section 1983, Title 42, U.S. Code claim, should be dismissed, pursuant to Civ. R. 12(B)(6), because the NCLBA does not provide for any private right of action. As for the administrative appeal, ODE argued that that cause of action should be dismissed, pursuant to Civ. R. 12(B)(1), because the trial court lacked subject matter jurisdiction to consider an administrative appeal from an order that was not issued by the highest authority in the agency. The trial court granted the motion for the reasons argued by ODE in its motion and dismissed the action.
 {¶ 9} Appellant then filed this appeal, asserting two assignments of error:
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANTS'/APPELLEE'S [sic] MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.
 II. THE TRIAL COURT ERRED IN GRANTING DEFENDANTS'/APPELLEES' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.
 {¶ 10} Dismissal of a complaint, pursuant to Civ. R. 12(B)(6), is appropriate where it appears beyond doubt that the plaintiff can prove no set of facts that would entitle the plaintiff to the relief sought.York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143,573 N.E.2d 1063. A court must presume that all factual allegations set forth in the complaint are true and make all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,532 N.E.2d 753. On review, an *Page 5 
appellate court must independently review the complaint to determine whether dismissal was appropriate. Harris v. Ohio Adult ParoleAuth., Franklin App. No. 06AP-374, 2007-Ohio-142, citing McGlone v.Grimshaw (1993), 86 Ohio App.3d 279, 620 N.E.2d 935.
 {¶ 11} Initially, we note that appellant does not appear to be appealing the trial court's dismissal of the causes of action alleged in the complaint under Section 1983, Title 42, U.S. Code, and for injunctive relief. On appeal, appellant argues only that the trial court erred by dismissing its claim for declaratory judgment regarding ODE's failure to adopt its AYP appeal process through a formal rule making process.
 {¶ 12} In its complaint, appellant sought declarations that ODE's AYP appeal process violates Section 6316, Title 20, U.S. Code, and that ODE's process for appealing the AYP determination was void and unenforceable because the process was not adopted through the R.C. Chapter 119 rule making process. On appeal, appellant does not appear to take issue with the trial court's dismissal of the portion of the claim set forth in the complaint regarding ODE's compliance with Section 6316, Title 20, U.S. Code, but argues that the trial court failed to consider the portion of its claim for declaratory judgment that was based on ODE's failure to follow state rule making procedures.
 {¶ 13} A reading of the trial court's decision suggests that the trial court did address both parts of appellant's declaratory judgment claim in its consideration, but accepted ODE's argument that both claims should have been dismissed on the same basis as the other claims: that NCLBA does not provide for any private right of action. In its brief, ODE does not argue that the trial court was correct in dismissing appellant's declaratory judgment regarding ODE's rule making because NCLBA does not provide a private right of action. Instead, ODE argues that the trial court's dismissal on that basis *Page 6 
amounted to harmless error, because there was a separate basis (albeit a basis not raised by ODE in its motion to dismiss) for dismissing the declaratory judgment claim.
 {¶ 14} Although the right to challenge an AYP determination ultimately springs from NCLBA, specifically Section 6316(c)(5), Title 20, U.S. Code, the declaratory judgment sought by appellant involved whether ODE properly complied with state law in its implementation of the NCLBA provisions. Consequently, assuming that those cases finding no private right of action under NCLBA would apply to declaratory judgment actions brought by schools in appellant's position, the action here would not be barred on that basis because the declaratory judgment claim was directly based on state law claims, and only indirectly based on NCLBA.
 {¶ 15} The issue therefore is whether the claim asserted by appellant can be the proper subject of a declaratory judgment action. R.C. 2721.03
provides, in relevant part, that:
 Subject to division (B) of section 2721.02 of the Revised Code, * * * any person whose rights, status, or other legal relations are affected by a * * * rule as defined in section 119.01 of the Revised Code * * * may have determined any question of construction or validity arising under the * * * rule * * * and obtain a declaration of rights, status, or other legal relations under it.
119.01(C) defines a rule as:
 [A]ny rule, regulation, or standard, having a general and uniform operation, adopted, promulgated, and enforced by any agency under the authority of the laws governing such agency, and includes any appendix to a rule. "Rule" does not include any internal management rule of an agency unless the internal management rule affects private rights and does not include any guideline adopted pursuant to section 3301.0714 of the Revised Code. *Page 7 
 {¶ 16} ODE argues that declaratory judgment is not an appropriate action for an agency's failure to follow the rule making process based on our decisions in Wise v. Ohio Dept. of Rehab. Corr. (1992),84 Ohio App.3d 11, 616 N.E.2d 251, and Coleman v. Ohio Adult Parole Auth.
(1996), 115 Ohio App.3d 212, 685 N.E.2d 241. Wise involved guidelines employed by the Ohio Adult Parole Authority in making parole decisions. The plaintiff in that case sought a declaratory judgment that would have prohibited their application to his case because they were not properly adopted as rules pursuant to R.C. Chapter 119. We held that declaratory judgment was not a proper means of challenging the guidelines in question because the guidelines were not adopted as rules, and therefore they could not be rules for purposes of the declaratory judgment statute. Wise, at 14. Thus, we concluded that "declaratory judgment is not an appropriate remedy to preclude utilization of a rule not properly adopted in accordance with statutory procedures." Id.
 {¶ 17} Similarly, Coleman involved a declaratory judgment action brought to challenge guidelines being used by the Adult Parole Authority in making clemency recommendations to the governor. The trial court dismissed the action, finding that the guidelines were not a rule, and therefore were not invalid for having been adopted without following statutory rule making procedures. We affirmed without addressing the trial court's conclusion that the guidelines were not a rule because, following Wise, we concluded that the complaint should have been dismissed because declaratory judgment was not an appropriate remedy to address an agency's failure to adopt rules.
 {¶ 18} However, an agency's determination that some measure being implemented by the agency is not a rule requiring promulgation through the rule making *Page 8 
process is not determinative of whether that measure is, or is not, a rule. Ohio Nurses Assn., Inc. v. State Bd. of Nursing Edn. NurseRegistration (1989), 44 Ohio St.3d 73, 540 N.E.2d 1354. Rather, "[t]he pivotal issue in determining the effect of a [measure] is whether it enlarges the scope of the rule or statute from which it derives rather than simply interprets it." State ex rel Saunders v. Indus. Comm.,101 Ohio St.3d 125, 2004-Ohio-339, 802 N.E.2d 650, at ¶ 27. See, also,Textileather Corp. v. Korleski, Franklin App. No. 06AP-955,2007-Ohio-4129. Neither Wise nor Coleman addressed this principle. Moreover, we find that Wise and Coleman are distinguishable because each of those cases involved provisions that the agency specifically stated were advisory in nature, and therefore could not have had the force and effect of rules. For these reasons, we decline to apply Wise andColeman to this case.
 {¶ 19} ODE also argues that the AYP appeal process was not a rule requiring promulgation under R.C. Chapter 119 because the appeal process was a non-substantive measure that merely set forth the procedure for when and how an AYP challenge will be addressed by ODE. The September 26, 2006 e-mail from Ardith Allen denying appellant's AYP appeal indicates that ODE had communicated information regarding the appeal process to schools through its website and other communications, but the only provision described in the e-mail was the deadline for filing an appeal. The record contains no other information regarding how, or whether, schools were to be informed of the proposed AYP finding and the method for challenging that finding. Based on the information in the record before us, we reject ODE's argument that the AYP appeal process was a non-substantive measure that merely set forth ODE's internal procedure for addressing appeals. *Page 9 
 {¶ 20} Taking as true all of the allegations in the complaint, the AYP appeal process as described in the complaint sufficiently alleges the existence of a rule for which a declaratory judgment may be appropriate. Accordingly, the trial court erred when it dismissed appellant's claim for declaratory judgment for failure to state a claim for which relief can be granted, and appellant's first assignment of error is therefore sustained. We emphasize that our decision is based solely on the allegations contained in the complaint, and should not be interpreted as a decision on the merits of whether appellant is entitled to the declaratory judgment sought, including the issue of whether the AYP process is, in fact, a rule, or the effect of any declaratory judgment that might be granted.
 {¶ 21} In its second assignment of error, appellant argues that the trial court erred when it dismissed appellant's R.C. 119.12
administrative appeal for lack of subject matter jurisdiction. The trial court granted ODE's Civ. R. 12(B)(1) motion on the grounds asserted by ODE in its motion: that the decision denying appellant's appeal of the AYP determination was not made by the ultimate authority within the agency. On appeal, ODE raises as an additional ground for concluding that the trial court lacked subject matter jurisdiction to hear the administrative appeal that the decision appellant seeks to administratively appeal was not the result of a quasi-judicial proceeding.
 {¶ 22} Whether ODE's AYP determination was made by the "ultimate authority" and whether that determination could have constituted an "adjudication" for purposes of an administrative appeal are issues that will necessarily be further developed on remand as the trial court considers the merits of appellant's claim for declaratory judgment. We do not believe we can appropriately consider whether appellant had the right to an administrative appeal under R.C. 119.12 until such time as the record can be more fully *Page 10 
developed regarding the precise nature of ODE's AYP appeal process. Accordingly, we deem appellant's second assignment of error moot.
 {¶ 23} Having sustained appellant's first assignment of error, and deeming appellant's second assignment of error moot, we reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 KLATT and FRENCH, JJ., concur. *Page 1