OPINION
{¶ 1} Plaintiff-appellant, Victory Academy of Toledo, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion to dismiss of defendants-appellees, Dr. Susan Tave Zelman, in her capacity as the Superintendent of Public Instruction for the State of Ohio; Stephen Barr, in his capacity as Associate Superintendent of the Center for School Improvement, Ohio Department of Education *Page 2 
("ODE"); and Todd L. Hanes, in his capacity as the Executive Director of the Office of Community Schools, ODE. For the reasons that follow, we reverse and remand.
 {¶ 2} This case arises from ODE's determination that appellant, which is an Ohio "community school" established and operated pursuant to R.C. Chapter 3314, had not made "adequate yearly progress" ("AYP") for the 2006-2007 school year, for purposes of the "No Child Left Behind Act" of 2001 ("NCLBA"), 20 U.S.C. 6301 et seq. The NCLBA, which was enacted "to ensure that all children have a fair, equal, and significant opportunity to obtain a high-quality education and reach, at a minimum, proficiency on challenging State academic achievement standards and state academic assessments," requires the annual review of each school's academic progress to determine whether the school is achieving AYP. Sections 6301 and 6316(c)(1)(A), Title 20, U.S. Code. AYP is a measure of annual academic performance based primarily on the results of standardized academic assessments implemented by the state educational agency. See Section 6311(b)(2), Title 20, U.S. Code; R.C. 3302.01(D). Due to its determination as to AYP, ODE further identified appellant as being in "school improvement status 1" under the NCLBA. Appellant attempted to appeal these academic progress determinations with ODE's "AYP/SI/DI Appeals Team," but that appeal was denied on August 6, 2007. On August 14, 2007, ODE publicly released a "report card" for appellant, which reflected its academic progress determinations for the 2006-2007 school year.
 {¶ 3} On August 21, 2007, appellant filed a complaint against appellees as a result of ODE's determinations regarding its academic progress. In its complaint, appellant sought declaratory judgment that ODE's procedure for appealing an AYP determination violates the NCLBA, that the process is invalid because the standards and *Page 3 
regulations associated with the process were not promulgated in compliance with R.C. Chapter 119, and that appellant must be permitted to present supporting evidence relevant to its AYP. Appellant also asserted a Section 1983, Title 42, U.S. Code action, alleging a deprivation of a federally protected right. In addition, appellant sought to appeal, pursuant to R.C. 119.12, ODE's determination that appellant is in "school improvement status 1."
 {¶ 4} On October 3, 2007, appellees filed a motion to dismiss appellant's claims. Specifically, appellees moved to dismiss appellant's R.C. 119.12 appeal on the basis that the trial court lacked subject-matter jurisdiction to hear the appeal. Furthermore, pursuant to Civ. R. 12(B)(6), appellee moved to dismiss appellant's other claims. The trial court granted appellees' motion and dismissed all of appellant's claims.
 {¶ 5} Appellant appeals and sets forth the following single assignment of error for our review:
 The trial court erred as a matter of law when it granted Defendants'/Appellees' Motion to Dismiss for failure to state a claim upon which relief can be granted.
 {¶ 6} In this appeal, appellant challenges the trial court's dismissal, pursuant to Civ. R. 12(B)(6), of its claim for a declaratory judgment that ODE's appeal procedures concerning AYP determinations are invalid on the basis that ODE failed to comply with the rulemaking requirements of R.C. Chapter 119.
 {¶ 7} Appellate review of a trial court's decision to dismiss a case pursuant to Civ. R. 12(B)(6) is de novo. Perrysburg Twp. v.Rossford, 103 Ohio St.3d 79, 2004-Ohio-4362, at ¶ 5. In construing the complaint upon a Civ. R. 12(B)(6) motion, a court must presume all factual allegations contained in the complaint to be true and make all *Page 4 
reasonable inferences in favor of the nonmoving party. Mitchell v.Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. In order to grant a Civ. R. 12(B)(6) motion, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief.Maitland v. Ford Motor Co., 103 Ohio St.3d 463, 2004-Ohio-5717, ¶ 11; see, also, O'Brien v. University Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, syllabus. Material incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ. R. 12(B)(6) motion to dismiss. State ex rel. Crabtree v. Franklin Cty. Bd.of Health (1997), 77 Ohio St.3d 247, 249, fn. 1.
 {¶ 8} A declaratory judgment action is a civil action and provides a remedy in addition to other legal and equitable remedies available.Aust v. Ohio State Dental Bd. (2000), 136 Ohio App.3d 677, 681. "The essential elements for declaratory relief are (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties." Id. R.C. 2721.02 provides, in part, as follows: "[C]ourts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * * The declaration may be either affirmative or negative in form and effect. The declaration has the effect of a final judgment or decree." Additionally, R.C. 2721.03 provides, in part, as follows:
 [A]ny person * * * whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, * * * may have determined any question of construction or validity arising under the * * * constitutional provision, statute, [or] rule * * * and obtain a declaration of rights, status, or other legal relations under it. *Page 5 
 {¶ 9} R.C. 119.01(C) defines a "rule" as "any rule, regulation, or standard, having a general and uniform operation, adopted, promulgated, and enforced by any agency under the authority of the laws governing such agency, and includes any appendix to a rule." A rule "does not include any internal management rule of an agency unless the internal management rule affects private rights and does not include any guideline adopted pursuant to section 3301.0714 of the Revised Code." R.C. 119.01(C).
 {¶ 10} Appellees argue that R.C. 2721.03 and this court's decisions inWise v. Ohio Dept. of Rehab. Corr., 84 Ohio App.3d 11, and Coleman v.Ohio Adult Parole Auth. (1996), 115 Ohio App.3d 212, required the trial court to dismiss appellant's declaratory judgment claim alleging ODE's noncompliance with the rulemaking process set forth in R.C. Chapter 119. Recently, in W.C. Cupe Community School v. Zelman, Franklin App. No. 07AP-882, 2008-Ohio-2800, this court rejected essentially the same argument.
 {¶ 11} In the W.C. Cupe Community School case, W.C. Cupe Community School (the "plaintiff school") filed a complaint requesting, inter alia, a declaratory judgment that ODE's process for the appeal of an AYP determination was void and unenforceable because it was not adopted through the R.C. Chapter 119 rulemaking process. See id. at ¶ 5, 12. Just as in the case at bar, ODE filed a motion to dismiss the declaratory judgment action pursuant to Civ. R. 12(B)(6). Id. at ¶ 8. The trial court granted the motion and dismissed the action. Id. The plaintiff school appealed. Id.
 {¶ 12} On appeal, this court directly addressed the issue of whether the plaintiff school's claim could be the proper subject of a declaratory judgment action. Id. at ¶ 15. This court recognized that, inWise, it was concluded that "declaratory judgment is not an *Page 6 
appropriate remedy to preclude utilization of a rule not properly adopted in accordance with statutory procedure," and thatColeman followed the reasoning of Wise. See W.C. Cupe CommunitySchool, at ¶ 16-17. However, this court distinguished Wise andColeman with the matter that was currently before the court, finding that neither of those cases addressed the principle that "an agency's determination that some measure being implemented by the agency is not a rule requiring promulgation through the rule making process is not determinative of whether that measure is, or is not, a rule[.] * * * Rather, `[t]he pivotal issue in determining the effect of a [measure] is whether it enlarges the scope of the rule or statute from which it derives rather than simply interprets it.'" W.C. Cupe CommunitySchool, at ¶ 18, citing Ohio Nurses Assn., Inc. v. State Bd. of NursingEdn. Nurse Registration (1989), 44 Ohio St.3d 73, and quotingState ex rel. Saunders v. Indus. Comm., 101 Ohio St.3d 125,2004-Ohio-339, at ¶ 27. In addition, this court found that "those cases involved provisions that the agency specifically stated were advisory in nature, and therefore could not have had the force and effect of rules."W.C. Cupe Community School, at ¶ 18. This court resolved as follows: "Taking as true all of the allegations in the complaint, the AYP appeal process as described in the complaint sufficiently alleges the existence of a rule for which a declaratory judgment may be appropriate." Id. at ¶ 20. Consequently, this court further concluded that the trial court erred when it dismissed the plaintiff school's claim for declaratory judgment for failure to state a claim for which relief can be granted. Id.
 {¶ 13} In the case at bar, appellant, like W.C. Cupe CommunitySchool, seeks a declaratory judgment that ODE's appeal process for challenging an AYP determination is void and unenforceable because ODE did not comply with the procedural requirements of *Page 7 
R.C. Chapter 119 for adopting rules. Pursuant to W.C. Cupe CommunitySchool, it was appropriate for appellant to bring this claim in a declaratory judgment action.
 {¶ 14} ODE also argues that the procedure for appealing AYP determinations is not a "rule" subject to the rulemaking requirements of R.C. Chapter 119. This argument is unavailing in this appeal. The issue of whether ODE's AYP appeal process was in fact a rule is not ripe for this court to resolve at this juncture, as we are reviewing whether the trial court erred in dismissing, pursuant to Civ. R. 12(B)(6), appellant's claim at issue in this appeal. A Civ. R. 12(B)(6) motion to dismiss tests the sufficiency of a complaint. O'Brien, supra, at 245.
 {¶ 15} In its complaint, appellant alleged that it submitted to ODE the last of its data relevant to determining AYP on July 27, 2007, and that on the same date it learned that ODE already had determined that appellant had failed to meet AYP and had identified appellant for "school improvement status 1," despite the fact that ODE established this date as the deadline for the submission of data relevant to an AYP determination. Appellant additionally alleged in its complaint that it attempted to appeal, on July 27, 2007, the school status determination, and that the appeal was denied on the stated basis that "[incomplete or inaccurate data submissions on the part of an LEA are not an acceptable reason for appealing an AYP determination." (Complaint, at paragraph 16.) In connection with these allegations, appellant attached, as exhibits to its complaint, a copy of the "2006-2007 AYP/SI/DI Appeal Form," which requires the school or district to set forth the reason(s) for the appeal, the corresponding "2006-2007 AYP/SI/DI Appeal Form Instructions," and the memorandum to appellant from the ODE "AYP/SI/DI Appeals Team" denying the appeal. *Page 8 
 {¶ 16} Upon reviewing the complaint, as well as the exhibits incorporated into the complaint, we find that appellant has sufficiently alleged the existence of a rule for which a declaratory judgment may be appropriate.[1] Therefore, we conclude that the trial court erred in dismissing, pursuant to Civ. R. 12(B)(6), appellant's claim for a declaratory judgment that ODE's procedure for appealing an AYP determination was invalid due to ODE's alleged failure to follow the rulemaking requirements of R.C. Chapter 119. Accordingly, we sustain appellant's single assignment of error.
 {¶ 17} Having sustained appellant's single assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
BROWN and SADLER, JJ., concur.
[1] This finding should not be interpreted as a decision on the merits of whether appellant is entitled to the declaratory judgment it seeks, or on the effect of any declaratory judgment that might be granted. SeeW.C. Cupe Community School, at ¶ 20. *Page 1