[Cite as *Speed Way Transp., L.L.C. v. Gahanna*, 2024-Ohio-5890.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Speed Way Transportation, LLC, dba Speed Way Towing, | : | |
| | : | No. 24AP-141 |
| Plaintiff-Appellant, | : | (C.P.C. No. 18CV-10373) |
| | : | |
| v. | : | (REGULAR CALENDAR) |
| | : | |
| City of Gahanna, | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on December 17, 2024

**On brief:** *Michael A. Partlow*, for appellant. **Argued:** *Michael A. Partlow.*

**On brief:** *Frost Brown Todd LLP, Frank J. Reed, Jr.*, and *Jesse J. Shamp*, for appellee. **Argued:** *Frank J. Reed, Jr.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Speed Way Transportation, LLC, doing business as Speed Way Towing ("Speed Way"), appeals from a decision and entry of the Franklin County Court of Common Pleas granting the motion for summary judgment of defendant-appellee, City of Gahanna. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} This case relates to Gahanna's rejection of Speed Way's proposal application to operate a vehicle towing business as an agent of the city. In 2017, Gahanna published a request for proposals of bids from towing companies to act as an agent of the city related to Gahanna's police towing needs. Gahanna does not own or maintain its own tow trucks for use in police towing and hauling functions. The request for proposals included various

specifications required of any bidder that wished to be considered for a towing contract. In the request for proposals, Gahanna expressly stated it "shall have the sole responsibility of making final judgment as to acceptability of the equipment and the facilities preferred by the bidder and shall have full option to reject all bids." (June 2, 2022 Mot. for Summ. Jgmt, Ex. 1 at 6.)

{¶ 3} Speed Way operated a towing company located within Gahanna. Ahmed Shehata, an agent of Speed Way, averred he first located the property he wished to use to operate his towing company in 2016 and immediately contacted Gahanna to inquire whether he could operate a towing business on the property. Speed Way undertook various improvements of the property in order to obtain conditional use approval from Gahanna for Speed Way's business operations, including installing a wood fence, placing a large water tank and trailer on the property with restroom facilities, and installing an accessibility ramp. The city approved Speed Way's conditional use application on May 26, 2017.

{¶ 4} While Speed Way was in the process of improving the property, Shehata met with representatives of the city at various times. Shehata said these representatives informed him of the changing improvements needed for approval of his conditional use application. During a February 2017 meeting with Gahanna's mayor and other representatives, Shehata "was told Speed Way could get a contract to tow motor vehicles for Gahanna." (Shehata Aff. at ¶ 25.) In another meeting, in May 2017, Shehata averred the mayor stated that "Speed Way should be able to get a towing contract with Gahanna as Gahanna had only two such contracts at the time and wanted to add two more." (Shehata Aff. at ¶ 29.)

{¶ 5} After it had obtained its conditional use permit for the premises, Speed Way submitted a towing proposal application on July 19, 2017 in response to the city's request for proposals. Gahanna did not accept Speed Way's bid. In an August 14, 2017 letter to Speed Way, the city stated it rejected Speed Way's bid for the towing contract because: (1) Speed Way's vehicle storage area lacked a hard surface with proper drainage, (2) Speed Way's property did not have a storage area enclosed by a chain link fence, and (3) Speed Way's vehicle storage area did not comply with applicable city ordinances. The city notified Speed Way it intended to reopen the request-for-proposal period again in 2020.

{¶ 6} On December 13, 2018, Speed Way filed a complaint against Gahanna, asserting claims for declaratory judgment, promissory estoppel, and recovery of the costs of its bid preparation. Gahanna moved for judgment on the pleadings, and the trial court subsequently granted the motion in a March 25, 2020 decision and entry. Speed Way timely appealed, and this court reversed the trial court's decision with respect to the claims for promissory estoppel and declaratory judgment. *Speed Way Transp., L.L.C. v. Gahanna*, 10th Dist. No. 20AP-239, 2021-Ohio-4455 ("Speed Way I"). In *Speed Way I*, we determined the trial court erred in granting judgment on the pleadings as to the promissory estoppel claim because Gahanna failed to show, from the pleadings, that no factual issues exist on the question of whether it was engaged in a governmental function. *Speed Way I* at ¶ 24. Additionally, we determined the trial court erred in granting judgment on the pleadings as to the declaratory judgment claim because Gahanna failed to show, from the pleadings, that no factual question remained as to whether it abused its discretion in its public contract decision-making. *Id*. at ¶ 32-33. Thus, we remanded the matter for further proceedings related to the promissory estoppel and declaratory judgment claims. *Id*. at ¶ 39-40.

{¶ 7} On remand, the parties engaged in additional discovery. Gahanna then moved for summary judgment on June 2, 2022, arguing there remained no genuine issue of material fact that it was engaged in a governmental function and that the city did not abuse its discretion in rejecting Speed Way's bid for the towing contract. Speed Way filed a memorandum in opposition on July 20, 2022 and a corrected memorandum in opposition on August 3, 2022.

{¶ 8} Subsequently, in a February 2, 2024 decision and entry, the trial court granted the city's motion for summary judgment. The trial court determined Speed Way could not maintain its promissory estoppel claim because the city was engaged in a governmental function. Further, the trial court determined Speed Way could not show the city abused its discretion in rejecting its towing contract bid. As a result, the trial court determined the city was entitled to judgment on both the promissory estoppel claim and the declaratory judgment claim. Speed Way timely appeals.

## II. Assignments of Error

{¶ 9} Speed Way assigns the following two assignments of error for our review:

I. The trial court erred as a matter of law by granting summary judgment to defendant on plaintiff's claim for promissory estoppel.

II. The trial court erred as a matter of law by granting summary judgment as to plaintiff's claim for declaratory judgment.

## III. Standard of Review and Applicable Law

{¶ 10} An appellate court reviews summary judgment under a de novo standard. *Estate of Sample v. Xenos Christian Fellowship, Inc.*, 10th Dist. No. 20AP-563, 2021-Ohio-3898, ¶ 9. Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 11} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). However, the moving party cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.*; *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997). Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; *Vahila* at 430; Civ.R. 56(E).

## IV. First Assignment of Error – Promissory Estoppel

{¶ 12} In its first assignment of error, Speed Way argues the trial court erred in granting the city's motion for summary judgment on the promissory estoppel claim.

{¶ 13} As we explained in *Speed Way I*, the doctrine of promissory estoppel provides " '[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or

forbearance is binding if injustice can be avoided only by enforcement of the promise.' " (Further quotations and citations omitted.) *Speed Way I* at ¶ 18, quoting *Hortman v. Miamisburg*, 110 Ohio St.3d 194, 2006-Ohio-4251, ¶ 24. A plaintiff proves a claim for promissory estoppel by demonstrating: (1) a clear and unambiguous promise, (2) reliance by the party to whom the promise is made, (3) the reliance is reasonable and foreseeable, and (4) injury as a result of the reliance on the promise. *Id.*, citing *Mocznianski v. Ohio Dept. of Medicaid*, 10th Dist. No. 18AP-894, 2020-Ohio-165, ¶ 24. *See also Fluellen v. Miller*, 10th Dist. No. 23AP-472, 2024-Ohio-265, ¶ 21, citing *Malempati v. Indep. Inpatient Physicians, Inc.*, 10th Dist. No. 12AP-565, 2013-Ohio-3543, ¶ 25.

{¶ 14} Speed Way asserted a claim for promissory estoppel based on alleged promises representatives of the city made to it related to its ability to secure a contract with Gahanna to operate its towing business for the city's police department. Generally, "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function" unless an exception applies. R.C. 2744.02(A)(1). However, without exception, "the doctrine of promissory estoppel is 'inapplicable against a political subdivision when the political subdivision is engaged in a governmental function.' " *Speed Way I* at ¶ 18, quoting *Hortman* at ¶ 25. The issue, therefore, is whether Gahanna demonstrated in its motion for summary judgment it was engaged in a governmental function when it sought bids for towing services.

{¶ 15} R.C. 2744.01(C) defines "governmental function." As relevant here, the statute provides:

> (1) "Governmental function" means a function of a political subdivision that is specified in division (C)(2) of this section or that satisfies any of the following:
>
> (a) A function that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision voluntarily or pursuant to legislative requirement;
>
> (b) A function that is for the common good of all citizens of the state;

(c) A function that promotes or preserves the public peace, health, safety, or welfare; that involves activities that are not engaged in or not customarily engaged in by nongovernmental persons; and that is not specified in division (G)(2) of this section as a proprietary function.

(2) A "governmental function" includes, but is not limited to, the following:

(a) The provision or nonprovision of police, fire, emergency medical, ambulance, and rescue services or protection;

* * *

(e) The regulation of the use of, and the maintenance and repair of, roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, and public grounds[.]

R.C. 2744.01(C)(1) through (2)(a) and (e).

{¶ 16} In *Speed Way I*, we determined the trial court erred in granting judgment on the pleadings on the promissory estoppel claim because Gahanna failed to allege facts in its answer demonstrating it was engaged in a governmental function when it requested proposals for contracts for towing services. *Speed Way I* at ¶ 22. On remand, in support of its motion for summary judgment, Gahanna relied on the affidavit of Jeffrey Spence, the Chief of Police for Gahanna, who averred Gahanna does not own and/or maintain the equipment capable of performing towing and hauling services for vehicles left on the city's roadways and streets. Chief Spence averred that securing a towing contract bid would allow the city to utilize a private company to remove abandoned and damaged vehicles from the city streets, alleviating safety hazards to the public. Gahanna argues this activity satisfies the definition of governmental function contained in R.C. 2744.01(C)(2)(e) by being the "regulation of the use of, and maintenance and repair of, roads, highways, streets, avenues, [and] alleys." (Mot. for Summ. Jgmt. at 8.) Further, Gahanna asserts the towing services for which it sought bids falls under the provision of police services or protection, as provided in R.C. 2744.01(C)(2)(a). In support of this position, Gahanna notes Chief Spence stated in his affidavit that the private towing company is used to tow vehicles that are stolen or involved in crimes to the City's police station to be impounded and inventoried, and then hauled to a private lot for storage and preservation of evidence. Gahanna asserts such activity qualifies as police services under R.C. 2744.01(C)(2)(a) and is, therefore, a governmental function.

{¶ 17} Speed Way disagrees with the characterization of the towing services as a governmental function and instead argues the evidence establishes the towing services should be deemed a "proprietary function" under R.C. 2744.01(G)(2)(c). More specifically, Speed Way argues the towing company contract bids show the city was looking to operate "a busline or other transit company" for public services, making the towing services a proprietary function rather than a governmental function. R.C. 2744.01(G)(2)(c) ("[a] 'proprietary function' includes, but is not limited to * * * [t]he establishment, maintenance, and operation of a utility, including, but not limited to, a light, gas, power, or heat plant, a railroad, a busline or other transit company, an airport, and a municipal corporation water supply system"). In response, Gahanna argues Speed Way's understanding of a transit company does not comport with the listed examples in the statute and notes there is no Civ.R. 56 evidence demonstrating it intends to operate a transit company.

{¶ 18} As the trial court noted, Speed Way did not offer counterarguments or evidence to refute Gahanna's evidence demonstrating it was engaged in a governmental function both in maintaining the roadways and in providing police services under R.C. 2744.01(C)(2)(a) and (e). Thus, the trial court determined there remained no genuine issue of material fact as to whether Gahanna was engaged in a governmental function when it sought bids for contracts for towing services. We agree with the trial court that Gahanna satisfied its Civ.R. 56 evidentiary burden on remand and that there remains no dispute the city was engaged in a governmental function.

{¶ 19} Speed Way additionally argues there remains a genuine issue of material fact as to whether Gahanna acted in bad faith in rejecting its bid. Speed Way relies on R.C. 2744.03(A)(5) which states, in pertinent part, "[a] political subdivision is immune from liability * * * unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner." We agree with the trial court, however, that a claim of promissory estoppel against a political subdivision that involves a governmental function does not implicate a sovereign immunity analysis and, thus, a "bad faith" consideration is not part of the analysis. *Hortman* at ¶ 13 (finding of immunity separate from the consideration of whether promissory estoppel may be applied). Instead, the Supreme Court of Ohio is clear that the doctrine of promissory estoppel is inapplicable against a political subdivision engaged in a governmental function. *Id.* at ¶ 25. Accordingly,

because Gahanna demonstrated in its motion for summary judgment it was engaged in a governmental function, the doctrine of promissory estoppel is inapplicable, and Speed Way's claim for promissory estoppel must fail.

{¶ 20} Having determined the trial court properly granted summary judgment to Gahanna on the promissory estoppel claim, we overrule Speed Way's first assignment of error.

## V. Second Assignment of Error – Declaratory Judgment

{¶ 21} In its second and final assignment of error, Speed Way argues the trial court erred in granting Gahanna's motion for summary judgment on the declaratory judgment claim.

{¶ 22} "A declaratory judgment action is a civil action and provides a remedy in addition to other legal and equitable remedies available." *Burge v. Ohio Atty. Gen.*, 10th Dist. No. 10AP-856, 2011-Ohio-3997, ¶ 7, citing *Victory Academy of Toledo v. Zelman*, 10th Dist. No. 07AP-1067, 2008-Ohio-3561, ¶ 8. " 'The essential elements for declaratory relief are (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties.' " *Id.*, quoting *Walker v. Ghee*, 10th Dist. No. 01AP-960, 2002 Ohio App. LEXIS 252 (Jan. 29, 2002).

{¶ 23} In *Speed Way I*, we explained that a declaratory judgment action may lie against a political subdivision where the political subdivision does not adhere to the terms of its own request for proposal or where the political subdivision abused its discretion in making its contract award. Specifically, we noted Gahanna did not have unfettered discretion to award the towing contract but was limited by the terms of its request for proposal. *Speed Way I* at ¶ 30. If the contract decision is "based on the criteria expressly set forth in the request for proposal," the political subdivision does not abuse its discretion awarding the contract, and the "disappointed bidder [is] not entitled to injunctive relief in the form of an order requiring the [political subdivision] to execute a contract with it." *Id.* at ¶ 29, citing *Danis Clarkco Landfill Co. v. Clark Cty. Solid Waste Mgt. Dist.*, 73 Ohio St.3d 590, 604-06 (1995). We further explained that "[w]hile Ohio courts do not have the discretion to make procurement decisions for a municipality, they do review such decisions for an abuse of discretion." *Speed Way I* at ¶ 32, citing *Cedar Bay Constr., Inc. v. Fremont*,

50 Ohio St.3d 19, 21-22 (1990). "If a municipality abuses its discretion in awarding a public contract, a court may grant injunctive relief." *Id*. at ¶ 32, citing *Cementech, Inc. v. Fairlawn*, 109 Ohio St.3d 475, 2006-Ohio-2991, ¶ 10 ("the granting of an injunction should be done with caution," particularly where a court is asked to "control the action of another department of government") (internal quotations omitted). An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983); *State ex rel. Deblase v. Ohio Ballot Bd*., 173 Ohio St.3d 191, 2023-Ohio-1823, ¶ 27.

{¶ 24} Our remand in *Speed Way I* instructed the trial court to conduct further proceedings for consideration of whether Gahanna adhered to the terms of its request for proposal and/or abused its discretion in not awarding Speed Way the contract. *Speed Way I* at ¶ 30. Because Gahanna moved for summary judgment on the declaratory injunction claim, the pertinent question is whether there remained a genuine issue of material fact that Gahanna adhered to the terms of its request for proposal or abused its discretion in not accepting Speed Way's bid.

{¶ 25} To support its motion for summary judgment, Gahanna relied on the express terms of the request for proposal, which states "[t]he City of Gahanna shall have the sole responsibility of making the final judgment as to accessibility of the equipment and the facilities preferred by the bidder and shall have full option to reject all bids." (Mot. for Summ. Jgmt., Ex. 1 at 6.) From this language, Gahanna asserts it had the sole discretion to accept or reject any or all bids. Chief Spence averred in his affidavit that the city received, considered, and reviewed Speed Way's bid materials in the same way it evaluated the other businesses applying for the towing contracts. When it ultimately decided not to accept Speed Way's bid, Gahanna took the additional step of sending the August 14, 2017 letter explaining why it did not accept the bid. Gahanna asserts this evidence demonstrates it adhered to the terms of its request for proposals, gave due consideration to Speed Way's bid, and exercised, but did not abuse, its provided discretion in rejecting Speed Way's bid.

{¶ 26} In response, Speed Way argues Gahanna acted in bad faith when it repeatedly recommended modifications Speed Way could make to its business only to ultimately reject Speed Way's bid for towing services. Speed Way also argues there remains a genuine issue of fact as to whether Gahanna abused its discretion because, it alleges, some of the

successful bidders also had unpaved surface lots, rendering Gahanna's proffered explanation for its rejection of Speed Way's bid lacking in credibility. Despite these allegations, however, Speed Way did not provide any Civ.R. 56 evidence with any specific information about these other businesses. Further, we note that Gahanna's acceptance of an imperfect bid from another entity does not render its rejection of Speed Way's bid an abuse of discretion where the city expressly had the discretion to accept or reject any or all bids. *See Danis Clark Landfill Co.* at 604 (where a municipality "substantially complie[s]" with the criteria it announced in its request for proposals and makes its award decision based upon the criteria expressly set forth in the bidding proposal, the municipality does not abuse its discretion in making its award).

**{¶ 27}** From the Civ.R. 56 evidence presented, the trial court determined there was no genuine issue of material fact related to Gahanna abiding by the terms of its request for proposal or showing Gahanna abused its discretion in making its contract award determination. We agree. Though Speed Way disagrees with Gahanna's decision, Speed Way does not point to any evidence demonstrating an abuse of discretion or refuting the express language in the request for proposals giving Gahanna full discretion to accept or reject any or all bids. Because Speed Way did not demonstrate that a question of fact remains as to whether Gahanna acted unreasonably, arbitrarily, or unconscionably when it did not accept Speed Way's bid or that Gahanna otherwise did not abide by the terms of its request for proposal, the trial court did not err in granting Gahanna's motion for summary judgment on the declaratory judgment claim.

**{¶ 28}** We overrule Speed Way's second and final assignment of error.

## VI. Disposition

**{¶ 29}** Based on the foregoing reasons, the trial court did not err in granting Gahanna's motion for summary judgment on Speed Way's claims of promissory estoppel and declaratory judgment. Having overruled Speed Way's two assignments of error, we affirm the decision of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

MENTEL, P.J., and BEATTY BLUNT, J., concur.

———————————